FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2018 JAN 11  PM 12: 31

CHARLES R. WINTZ, JR.,

Plaintiff,

CASE NO.: 3:18-cv-94-J-34MCR

-VS-

ACCELERATED RECEIVABLES
MANAGEMENT, INC.,

Defendant.
_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, CHARLES R. WINTZ, JR. (hereinafter "Plaintiff" or "Mr. Wintz"), hereby sues Defendant, ACCELERATED RECEIVABLES MANAGEMENT, INC. (hereinafter "Defendant"), and alleges violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA"), and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA").

### INTRODUCTION

1.  The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to "eliminate abusive debt collection practices by debt collectors." Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted. 15 U.S.C. §1692(e).

1

2. The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Mr. Wintz is a natural person, and citizen of the State of Florida, residing in Duval County, Florida.

6. Defendant is a corporation and debt collector providing debt collection services for credit grantors throughout the State of Florida.

7. All references to Defendant named herein shall also include Defendant's predecessors.

8. All conditions precedents to this action have been fulfilled, waived or performed.

## COUNT I
## (Violation of the FDCPA)

9. Mr. Wintz realleges paragraphs one (1) through eight (8) above as if fully set forth herein.

10. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

11. At all times material hereto: (a) Mr. Wintz is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

12. Mr. Wintz is a natural person obligated or allegedly obligated to pay monetary debt to Defendant that arose out of a transaction in which the money, property, insurance or service which are the subject of the transaction are primarily for personal, family or household purposes, namely the purchase of an automobile.

13. Defendant's conduct as set forth herein was intentional and made in furtherance of an attempt to collect upon a consumer debt.

14. Defendant regularly uses instrumentalities of commerce within the State of Florida, the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Defendant regularly uses instrumentalities of commerce or the mails in its business, the principal purpose of which is the enforcement of security interests throughout Duval County, Florida.

16. Defendant had actual or constructive knowledge of its conduct in settling and collecting upon consumer debts as alleged herein.

17. Beginning in November 2017, Defendant engaged in consumer debt collection activities against Mr. Wintz in regards to delinquent amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Activity").

18. The Debt Collection Activity included calling Mr. Wintz on several occasions.

19. On or about November 14, 2017, Defendant called Mr. Wintz. Defendant did not identify itself; however, inferred that they were an attorney collecting a debt.

20. During the November 14, 2017 call, Defendant (i) failed to identify themselves; (ii) did not state that the phone call was in furtherance of collection of debt; (iii) failed to identify the exact nature of the debt; (iv) all of the while leading Defendant to believe that he was speaking with an attorney.

21. Defendant failed to send the required notice of debt within five (5) days of its initial contact with Defendant in violation of 15 U.S.C. §1692(g)(a). Indeed, Defendant has never sent Mr. Wintz this required notice.

22. On or about November 28, Defendant called Mr. Wintz again and left a voicemail demanding payment. Again Defendant failed to identify itself or provide the "mini Miranda warning" required by 15 U.S.C. §1692(e)(11).

23. Mr. Wintz called the number left on his voicemail and discovered that the calls were being made by Defendant.

24. Thereafter, Defendant has continued to call Mr. Wintz and leave him voicemail messages failing to properly identify themselves and failing to provide information about the debt, and required notices in violation of Federal law.

25. Defendant's Debt Collection Activity as described herein is a violation of the following provisions of 15 U.S.C. §1692(d)(6), which states as follows:

> *§1692d - Harassment or abuse*
> *(6) Except as provided in <u>section 1692b of this title</u>, the placement of telephone calls without meaningful disclosure of the caller's identity.*

26. Defendant's Debt Collection Activity as described herein is a violation of 15 U.S.C. §1692(e)(11), which provides:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> *(11) The failure to disclose in the initial written <u>communication</u> with the consumer and, in addition, if the initial <u>communication</u> with the consumer is oral, in that initial oral <u>communication</u>, that the <u>debt collector</u> is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a <u>debt collector</u>, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*

5

27. Defendant's Debt Collection Activity as described herein is a violation of 15 U.S.C. §1692(g)(a), which provides:

> *§1692(g)(a) NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*
> *(1) the amount of the debt;*
> *(2) the name of the creditor to whom the debt is owed;*
> *(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*
> *(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*
> *(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor*

28. As a result of the Debt Collection Activity and Defendant's violation of the FDCPA as described herein, Mr. Wintz has been injured.

29. Mr. Wintz is (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, CHARLES R. WINTZ, JR., demands judgment against Defendant, ACCELERATED RECEIVABLES MANAGEMENT, INC., in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to 15 U.S.C. §1692(k); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by

jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II
### Violation of Florida Statutes, Section 559.72 (FCCPA)

30. Mr. Wintz realleges paragraphs one (1) through eight (8) above as if fully set forth herein.

31. This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

32. At all times material hereto: (a) Mr. Wintz is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon mortgage is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

33. Mr. Wintz is a natural person obligated or allegedly obligated to pay monetary debt to Defendant that arose out of a transaction in which the money, property, insurance or service which are the subject of the transaction are primarily for personal, family or household purposes, namely the purchase of an automobile.

34. Defendant is a debt collector within the meaning of FCCPA.

35. Defendant's conduct as set forth herein was intentional and made in furtherance of an attempt to collect upon a consumer debt.

36. Defendant regularly uses instrumentalities of commerce within the State of Florida, the principal purpose of which is the collection of debts, or regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

37. Defendant regularly uses instrumentalities of commerce or the mails in its business, the principal purpose of which is the enforcement of security interests throughout Duval County, Florida.

38. Defendant had actual or constructive knowledge of its conduct in settling and collecting upon consumer debts as alleged herein.

39. Beginning in November 2017, Defendant engaged in consumer debt collection activities against Mr. Wintz in regards to delinquent amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Activity").

40. The Debt Collection Activity included calling Mr. Wintz on several occasions.

41. On or about November 14, 2017, Defendant called Mr. Wintz. Defendant did not identify itself; however, inferred that they were an attorney collecting a debt.

42. During the November 14, 2017 call, Defendant (i) failed to identify themselves; (ii) did not state that the phone call was in furtherance of collection of debt; (iii) failed to identify the exact nature of the debt; (iv) all of the while leading Defendant to believe that he was speaking with an attorney.

43. On or about November 28, Defendant called Mr. Wintz again and left a voicemail demanding payment. Again Defendant failed to identify itself.

44. Mr. Wintz called the number left on his voicemail and discovered that the calls were being made by Defendant.

45. Thereafter, Defendant has continued to call Mr. Wintz and leave him voicemail messages failing to properly identify themselves and failing to provide information about the debt, and required notices in violation of Federal and Florida law.

46. Defendant's Debt Collection Activity as described herein is a violation of the following provision of Florida Statutes, § 559.72:

> *(12) Orally communicate with a debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney.*

47. Defendant's conduct in settling and collecting on alleged consumer debts as described herein is a violation of Florida Statutes, § 559.72(12).

48. As a result of the Debt Collection Activity and Defendant's violation of the FCCPA, Mr. Wintz has been damaged and Defendant is liable to Mr. Wintz for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

49. Mr. Wintz (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

Wherefore, Plaintiff, CHARLES R. WINTZ, JR., demands judgment against Defendant, ACCELERATED RECEIVABLES MANAGEMENT, INC., in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, §

559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

STAMATAKIS + THALJI + BONANNO

By: / s / Scott Stamatakis
Sami Thalji, Esquire, Trial Counsel
Florida Bar No.:165913
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
Melissa Thalji, Esquire
Florida Bar No.: 174467
P.O. Box 341499
Tampa, Florida 33694
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: Service@MyInjury.com